**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ACE HARDWARE CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | Case No. 06 CV 5335 |
| | ) | |
| v. | ) | Hon. Amy St. Eve |
| | ) | |
| MARN, INC. d/b/a ARNOLD'S ACE HARDWARE and MICHAEL ARNOLD, | ) ) | Magistrate Judge Brown |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS**

NOW COME Defendants MARN, INC. and MICHAEL R. ARNOLD, by and through their attorneys RUNES LAW OFFICES, P.C., and as and for their Response to Plaintiff's Motion for Rule 11 Sanctions state as follows:

1.  ACE quotes testimony from ARNOLD's deposition in which ARNOLD in fact testified that approximately $75,000 is still owed to ACE for merchandise and services. ARNOLD's testimony on Page 10 of the deposition transcript is accurately detailed.

2.  ACE next alleges that MARN and ARNOLD falsely answered three paragraphs of the Complaint by not admitting that it had "refused" to pay ACE for merchandise.

3.  ACE continues on to allege that portions of Defendants' Fraudulent Misrepresentation counterclaim were contradicted by ARNOLD's deposition testimony on June 13, 2007. [1] ARNOLD testified later in his deposition (in a passage not referenced by ACE) that "it's my belief that I'd been told by ACE people that -- that people behind the scenes made

---

[1] As ACE correctly notes, the Fraudulent Misrepresentation Count of the Counterclaim was dismissed by this Court on July 19, 2007, and, in light of the Court's second such ruling on that Count, Counter-Plaintiffs ultimately opted not to attempt to replead. Thus ACE's "safe harbor" letter of August 17, 2007, demands only the withdrawal of "offending allegations in the *answer* as identified herein". (Emphasis added) The reference appears to be included in the Motion for Sanctions only for the purpose of prejudicing the Court against Defendants and their counsel.

decisions to deny me previously promised treatment by ACE. And so my statement that I -- I didn't believe anyone had actually intentionally misrepresented anything to me remains true." ARNOLD Dep. Exhibit A, Pg. 200.

4. ACE next argues that the cited answers to the Complaint were tendered in the absence of reasonable inquiry regarding the underlying facts in violation of Rule 11. On the contrary, the answers tendered were and continue to be consistent with the facts in the record.

5. ACE admits in its own Rule 56 statement of facts, Par. 12, that MARN made its last "good payment" in August of 2006. ARNOLD has affirmed in his Affidavit, Par. 7, that MARN was current in its account for the first two years of its ACE membership. Exhibit B.

6. ARNOLD also affirms that he did stop payment on a check on or about September 11, 2006, and that the action was taken in the context of a dispute between ACE and MARN regarding credits due to MARN for mistakes made in stocking orders and the application of ADSO to an order on September 3, 2006, two days after a promise from Credit Manager Gordon Hampton that ADSO would not be applied to that order. Defendants' Response to Statement of Facts, Par. 10. Shortly after issuance of the stop payment, ARNOLD wrote an e-mail to Hampton discussing possible resolutions to the parties' respective issues, Exhibit C, including an offer to pay for future orders on a COD basis. ARNOLD wrote another e-mail to Retail Business Manager Jim Hill on September 19, 2006, again attempting to reach resolution on the disputes between the parties. Exhibit D. The termination of membership and this lawsuit followed by approximately two weeks without further communication from ACE to ARNOLD or MARN.

7. All discussions between the parties regarding payment of the account subsequent to the filing of this suit have been in the context of settlement and are thus inadmissible pursuant to FRE 408 with the exception of written and oral discovery.

8. At no time since termination has MARN or ARNOLD been able to pay the amount demanded by ACE (approximately $75,000 at filing and allegedly $165,000 as of the filing of the Motion for Summary Judgment). See Arnold Affidavit, Par. 11.

9. MARN's and ARNOLD's answers cited by ACE accurately reflect the realities that even after the stop payment, MARN was attempting to resolve the dispute with ACE and that MARN and ARNOLD have *failed* subsequently to pay any balance owed but have not *refused* to do so.

10. Defendants' answer that it had insufficient information to determine whether ACE had been damaged was and is reflective of a different reality, that only ACE knows its own internal accounting procedures, costs of goods sold and other factors to determine whether and to what extent ACE was damaged. This lack of knowledge of the part of MARN and other ACE members was illustrated when on September 5, 2007, ACE announced to its members an accounting error of at least $154,000,000 (approximately 40 percent of its total inventory). Exhibit E.

11. Undersigned counsel has been aware of the above-cited facts (other than the accounting error) before and since meeting with Defendant ARNOLD over the course of a weekend in Cortland, New York on November 3-5, 2006. During the course of that weekend, I became reasonably familiar with the facts of the case as known by ARNOLD, including the disputes regarding ADSO, promises of services ACE would provide to the Defendants, the account history between the parties, many of the contract documents, etc. The responses to cited

3

paragraphs in the Complaint were, in my view and that of Defendants, accurate and were certainly based on extensive investigation into the applicable facts and law.

12. While the Defendants emphatically deny that any Rule 11 violation occurred, they also note that their intent was to present a defense to the Complaint which would (with the associated costs of attorneys fees for both sides) have been presented in any event. Part of the dispute centers around the credits MARN believes it should have received for its membership stock and unpaid patronage dividends; only in its Statement of Facts in support of Summary Judgment, eleven (11) months after termination, has ACE credited MARN for $9700 for its membership stock. In short, the answers ACE complains of have not reasonably resulted in significantly more attorneys time or fees for any of the parties.

WHEREFORE Defendants MARN, Inc. and MICHAEL R. ARNOLD pray that the Motion for Rule 11 Sanctions be denied with prejudice and for such and other relief as the Court deems equitable and just in all of the circumstances.

> Respectfully submitted,
>
> MARN, Inc. and MICHAEL R. ARNOLD
>
> /s/Kenneth A. Runes_____
> By RUNES LAW OFFICES, P.C., their attorneys

Kenneth A. Runes
RUNES LAW OFFICES, P.C.
800 W. Central Road  Suite 104
Mount Prospect, IL  60056
(847) 222-0600